UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 ~ 10363 GAO CIVIL ACTION
NO.

ONE BEACON AMERICA INSURANCE COMPANY,
    Plaintiff

V.

            MAGISTRATE JUDGE
CROSBY YACHT YARD, INC.,
    Defendant.

RECEIPT #

AMOUNT $

SUMMONS ISSUED

LOCAL RULE 4.1

WAIVER FORM

MCF ISSUED

BY DPTY CLK

PLAINTIFF'S COMPLAINT

Now comes the plaintiff, One Beacon America Insurance
Company, in the above entitled matter, by and through its
undersigned counsel, Clinton & Muzyka, P.C. and files this
Complaint against Crosby Yacht Yard, Inc. as follows:

## JURISDICTION

1.    The plaintiff is One Beacon America Company ("One
Beacon") is subrogated to the rights of certain claimants to
the extent of the payments made to those Claimants to
compensate them for losses incurred as a result of a fire
(the "Fire") which occurred on December 10, 2003 at the
Crosby Yacht Yard in Osterville, Massachusetts.

2.    One Beacon is a duly organized corporation existing
under the laws of the Commonwealth of Massachusetts, with a
principal place of business at One Beacon Street, Boston,
Massachusetts 02108.  One Beacon has made payments under

certain policies of insurance to, and is subrogated to the
rights of, the following Claimants ("Claimants"):

- a. F. Lester Fraser and Nancy L. Fraser, 178 Oakland Street, Wellesley Hills, MA 02481
- b. John W. Spillane, 23 Institute Road, Worcester, MA 01609
- c. John T. Fallon and Antoinette Fallon, 359 Seapuit Road, Osterville, MA 02655

3. The defendant, Crosby Yacht Yard, Inc. ("Crosby Yacht Yard") is a duly organized corporation existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 72 Crosby Circle, Osterville, MA 02655.

4. This court has jurisdiction over this action pursuant to 28 U.S.C. ¶1333(1) and 28 U.S.C. ¶1367(a) in that there are matters in this action which are governed by the principles of admiralty and maritime law.

5. Venue in this district is proper under 28 U.S.C. ¶1391(a) in that the actions complained of occurred within this district.

## FACTS

6. On or about December 10, 2003, the Fire occurred at Crosby Yacht Yard located in Osterville, MA (the "Premises"). Crosby Yacht Yard, Inc. is the owner of the boatyard and storage facility known as Crosby Yacht Yard and does business as Crosby Yacht Yard. The Fire caused severe damage to boats

and other personal property delivered there by boat owners for winter storage, service and repair.  The following Claimants delivered their boats and other personal property to the Premises for winter storage, service and repair during the winter of 2003-2004:

        a.    F. Lester Fraser and Nancy L. Fraser

        b.    John W. Spillane

        c.    John T. Fallon and Antoinette Fallon

    7.    The claimants' boats and other items of personal property were accepted by and were left with Crosby Yacht Yard pursuant to contracts for storage and/or service.  The Claimants' boats and other personal property were to be returned after the winter seasons of 2003-2004.  On and prior to December 10, 2003, pursuant to the individual contracts, Crosby Yacht Yard was in possession of, and exercised exclusive control over, the Claimants' boats and personal property at the premises.  After the delivery of the Claimants' boats and other personal property, Crosby Yacht Yard took no steps to relinquish any of the boats or personal property.

    8.    Pursuant to individual policies of insurance, One Beacon paid the Claimants to compensate them for their losses as a result of the fire.

9.    The plaintiff One Beacon, as subrogee to the extent of payments made to the Claimants, claims that: Crosby Yacht Yard breached the contracts to store/service and/or repair the Claimants' property; Crosby Yacht Yard breached the warranty to adequately store and keep from harm the Claimants' property; Crosby Yacht Yard failed to return the Claimants' boats and personal property to the claimants after the winter season of 2003-2004; and Crosby Yacht Yard failed to exercise reasonable care in storing/servicing and/or repairing the Claimants' boats and personal property.  The plaintiff, One Beacon, under a claim of subrogation, seeks recovery from Crosby Yacht Yard for the amounts paid to the Claimants.

## ALLEGATIONS

10.  At all relevant times, Crosby Yacht Yard was engaged in an ongoing contractual business relationship with the Claimants whereby the boats and personal property owned by the Claimants were delivered to the premises and stored there for a fee charged by Crosby Yacht Yard.

11.  Claimants F. Lester Fraser and Nancy L. Fraser delivered their boat, the "DOLLY G", a 30' 1982 Cruiser to Crosby Yacht Yard and placed it in the control, custody and possession of Crosby Yacht Yard to be stored for the winter

2003-2004.  Delivered along with the boat were also certain other items of personal property.

12.   Claimant John W. Spillane delivered his boat, the "CIRCE", a 25' Crosby Wianno Sailboat to the Premises and placed it in the control, custody and possession of Crosby Yacht Yard to be stored for the winter of 2003-2004. Delivered along with the boat were also certain other items of personal property.

13.   Claimants John Fallon and Antoinette Fallon delivered their boat, the "MARNA", a 25' 1950 Crosby Wianno Senior Sailboat to the premises and placed it in the control, custody and possession of Crosby Yacht Yard to be stored for the winter of 2003-2004.  Delivered along with the boat were also certain other items of personal property.

14.   Upon delivery of the applicable Claimants' boats and personal property to Crosby Yacht Yard at the premises, Crosby Yacht Yard exercised exclusive control over the boats and personal property of the Claimants until the time of the fire.

15.   On or about December 10, 2003, the Fire erupted in a building on the property of Crosby Yacht Yard situated on the Premises in which the boats and other personal property referenced were stored.

16.   The fire caused extensive damage to the buildings and boats, as well as other personal property of the Claimants located on the Premises and in the care, control, custody and possession of Crosby Yacht Yard.

17.   Crosby Yacht Yard failed to return the boats and personal property to the Claimants.

18.   The plaintiff, One Beacon, made payments to the Claimants to compensate them for the damages to the Claimants' boats and other personal property caused by the fire.   One Beacon paid the claimants in the following amounts.

| | | |
|---|---|---|
| a. | F. Lester Fraser and Nancy L. Fraser | $115,000.00 |
| b. | John W. Spillane | $ 19,924.93 |
| c. | John T. Fallon and Antoinette Fallon | $ 36,500.00 |

19.   The plaintiff, One Beacon, made total payments to the insured Claimants in the amount of $171,424.93.

### COUNT I – NEGLIGENCE
### CROSBY YACHT YARD

20.   The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 19 as if they were fully set forth herein.

21.  The boats and personal property of the Claimants as outlined above were delivered to the Premises by the Claimants for storage during the winter of 2003-2004.

22.  After delivery to Crosby Yacht Yard, the boats and personal property were in the exclusive care, custody and control of Crosby Yacht Yard.  During that period, Crosby Yacht Yard was a bailee of the boats and personal property.

23.  As a bailee, Crosby Yacht Yard owed a duty to return the boats and personal property in the same condition in which they were delivered.

24.  Crosby Yacht Yard breached the above-mentioned duty by not returning the boats and personal property in the same condition in which they were delivered.

25.  Specifically, on or about December 10, 2003, while the boats and personal property as outlined above were in the exclusive care, custody and control of Crosby Yacht Yard or persons for whose actions Crosby Yacht Yard was legally responsible, the boats and other personal property were burned in a fire at the premises.

26.  The burning of the boats and personal property and resulting damage was due solely to the acts and/or omissions of Crosby Yacht Yard, its agents, servants, employees and subcontractors.

27. The burning of the boats and personal property did not result, either in whole or in part, from any acts or omissions on the part the insured boat owners or Standard.

28. As a result of the acts and omissions of Crosby Yacht Yard described herein, plaintiff One Beacon sustained damage in the amount of $171,424.93, plus other costs and expenses incurred pursuant to the policies of insurance. One Beacon claims said damages against Crosby Yacht Yard as a subrogated underwriter of the Claimants.

29. Demand has been made on Crosby Yacht Yard and its underwriters through counsel and thus far no payment has been received.

**WHEREFORE**, the plaintiff prays that the Court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the plaintiff for all damages plus interest and costs.

## COUNT II - NEGLIGENCE
## CROSBY YACHT YARD

30. The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Crosby Yacht Yard owed the Claimants a duty to use ordinary diligence and reasonable care for storage and protection of their boats and personal property.

32. Crosby Yacht Yard also owed a duty of reasonable care in the operation and maintenance of its storage facilities and its boatyard to protect the boats and personal property of all those whose property it was reasonably foreseeable might be harmed by a fire on the premises of Crosby Yacht Yard.

33. The damages suffered by the Claimants were the direct and proximate result of the negligence of Crosby Yacht Yard as follows:

> a. Crosby Yacht Yard failed to use reasonable care in providing adequate fire detection and suppression systems and equipment on the premises.
>
> b. Crosby Yacht Yard failed to exercise reasonable care in providing adequate fire suppression equipment and systems in its storage facilities on the Premises.
>
> c. Crosby Yacht Yard failed to use reasonable care in the manner in which it kept, stored and maintained its supplies and materials on the Premises.
>
> d. Crosby Yacht Yard failed to institute and maintain adequate fire safety training, practices and procedures on the Premises.

e.  Crosby Yacht Yard failed to comply with
applicable codes, statutes and regulations
relating to fire safety, fire prevention, fire
detection and fire suppression.

34.  The Claimants suffered damages to their boats and
personal property due to Crosby Yacht Yard's negligence.

35.  The plaintiff One Beacon made payments to the
Claimants to compensate them for the damages caused by Crosby
Yacht Yard's negligence.

36.  The plaintiff One Beacon is subrogated to the
rights of the Claimants to the extent that the payments made
to the Claimants.

**WHEREFORE**, the plaintiff prays that the Court issue
judgment against Crosby Yacht Yard in an amount to fairly
compensate the plaintiff for its damages plus interest and
costs.

## COUNT III — NEGLIGENCE ~ RES IPSA LOQUITUR
## CROSBY YACHT YARD

37.  The plaintiff repeats and incorporates by reference
the allegations contained in paragraphs 1 through 36 as if
fully set forth herein.

38.  On or about December 10, 2003, at the time of the
Fire, the boats and personal property were under the
management and control of Crosby Yacht Yard.

39.  On or about December 10, 2003, at the time of the
Fire, the Premises were under the management and control of
Crosby Yacht Yard.

40.  There has been no explanation found as to the cause
of the Fire to date.

41.  In the ordinary course of events, the Fire would
not have occurred absent negligence on the part of Crosby
Yacht Yard.

42.  The Claimants suffered damages to their boats and
personal property due to the fire.

43.  The plaintiff One Beacon made payments to the
Claimants to compensate them for the damages caused by the
fire.

44.  The plaintiff One Beacon is subrogated to the
rights of the claimants to the extent of the payments made to
the Claimants.

**WHEREFORE**, the plaintiff prays that the Court issue
judgment against Crosby Yacht Yard in an amount to fairly
compensate the plaintiff for its damages plus interest and
costs.

### COUNT IV – BREACH OF WARRANTY – CROSBY YACHT YARD

45.  The plaintiff repeats and incorporates by reference
the allegations contained in paragraphs 1 through 44 as if
fully set forth herein.

46.  Crosby Yacht Yard was obligated to use a degree of skill adequate for the due performance of its undertaking to adequately store and keep the boats and personal property of the Claimants until returned, and warranted that the boats and personal property of the Claimants would be adequately stored and kept from harm until returned.

47.  Crosby Yacht Yard breached its obligations and warranties that the boats and personal property would be adequately stored and kept from harm until returned in that the boats and personal property were substantially damaged while in the control, custody, possession and care of Crosby Yacht Yard and could not be returned in the same condition as when delivered into the care and custody of Crosby Yacht Yard.

48.  The plaintiff, One Beacon, made payments to the Claimants to compensate them for the damages caused by Crosby Yacht Yard's breach of warranty to return the boats and personal property to the claimants in the same condition was when delivered to the Premises and to the control, custody and possession of Crosby Yacht Yard.

49.  The plaintiff, One Beacon, is subrogated to the rights of the Claimants to the extent of the payments made to the Claimants.

**WHEREFORE,** the plaintiff prays that the Court issue judgment against Crosby Yacht in an amount to fairly compensate the plaintiff for the damages plus interest and costs.

## COUNT V - VIOLATION OF M.G.L., C.93A - CROSBY YACHT YARD

50.   The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.   At relevant times prior to the Fire on December 10, 2003, Crosby Yacht Yard conducted various boat building and repair activities within its premises.  Upon information and belief, Crosby's business activities involved the use and storage of flammable liquids and other flammable materials.

52.   Upon information and belief, prior to the Fire of December 10, 2003, Crosby Yacht Yard was in violation of numerous sections of the Code of Massachusetts Regulations, including but not limited to 527 C.M.R. 14.

53.   The acts of Crosby Yacht Yard in failing to comply with applicable sections of the Code of Massachusetts Regulations constitutes an unfair and deceptive act or practice within the meaning of M.G.L., c. 93A, ¶¶2 and 3 and 940 C.M.R. ¶3.16(3).

54. As a result of the above-described unfair and deceptive acts or practices, the plaintiff sustained damages as outlined in the preceding counts of this Complaint.

WHEREFORE, the plaintiff prays that the court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the plaintiff for all damages as provided by M.G.L., c.93A, as well as interest, costs and attorneys fees and any other such relief as this court deems proper.

For the Plaintiff,
One Beacon America Insurance
Company
By its attorneys,

**CLINTON & MUZYKA, P.C.**

Thomas J. Muzyka
BBO NO. 365540
Robert E. Collins
BBO NO. 555843
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:   February 18, 2005

℅JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

OneBeacon America Insurance Company

**DEFENDANTS**

Crosby Yacht Yard, Inc.

**(b)**  County of Residence of First Listed Plaintiff    **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Subrogation Complaint for property damage

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE  O'Toole          DOCKET NUMBER 04-cv-12244

DATE
2/18/05

SIGNATURE OF ATTORNEY OF RECORD
Thomas J. Muzyka

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) __OneBeacon America Insurance Company vs. Crosby Yacht Yard,__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    [✓]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 960.           for patent, trademark or copyright cases

    [✓]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    Standard Fire Insurance Company vs.Crosby Yacht Yard, Inc., et al   04-cv-12244-GAO

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                        YES [ ]      NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                        YES [ ]      NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                        YES [ ]      NO [✓]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                        YES [✓]      NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? – (See Local Rule
    40.1(d)).

                                                                        YES [✓]      NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division  [✓]         Central Division  [ ]        Western Division  [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies, residing in Massachusetts reside?

         Eastern Division  [ ]         Central Division  [ ]        Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                                        YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Thomas J. Muzyka__

ADDRESS __Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108__

TELEPHONE NO. __617-723-9165__

(Coversheetlocal.wpd - 10/17/02)