UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ONE BEACON AMERICAN INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>CROSBY YACHT YARD, INC.,<br>          Defendant. | Civil Action No.<br>05-10363-GAO |

## ANSWER OF CROSBY YACHT YARD, INC. TO COMPLAINT OF ONE BEACON

NOW COMES the defendant, Crosby Yacht Yard, Inc., by and through its undersigned attorneys, and answers the plaintiff's Complaint as follows:

### JURISDICTION

1.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies same.

2.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies same.

3.  The defendant admits the allegations contained in Paragraph 3.

4.  The allegations contained in Paragraph 4 are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

5. The allegations contained in Paragraph are statements of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

## FACTS

6. The defendant admits that a fire occurred on or about December 10, 2003, involving vessels at Crosby Yacht Yard. The defendant admits that it is the owner of the boatyard and storage facility and does business as Crosby Yacht Yard, Inc. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and therefore denies same.

7. The defendant admits certain vessels were stored at the defendant's facility for the winter of 2003-2004 pursuant to written contracts, but denies the remaining allegations contained in Paragraph 7.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies same.

9. The defendant denies the allegations set forth in Paragraph 9.

## ALLEGATIONS

10. The defendant admits the allegations contained in Paragraph 10.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies same.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies same.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies same.

14. The defendant denies the allegations set forth in Paragraph 14.

15. The defendant admits that a fire occurred on its property on or about December 10, 2003. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore denies same.

16. The defendant admits that the fire caused damage to the buildings and boats at the defendant's premises but denies the remaining allegations contained in Paragraph 16.

17. The defendant admits the vessels were destroyed by fire but denies the allegations set forth in Paragraph 17.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies same.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies same.

## COUNT I- NEGLIGENCE
## CROSBY YACHT YARD

20. The defendant repeats and incorporates by reference the answers contained in Paragraphs One (1) through Nineteen (19), as if they were fully set forth herein.

21. The defendant admits the allegations set forth in Paragraph 21.

22. The defendant denies the allegations set forth in Paragraph 22,

23. The allegation contained in Paragraph 23 is a statement of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

24. The defendant denies the allegations set forth in Paragraph 24.

25. The defendant admits that a fire occurred on or about December 10, 2003, and that boats and personal property were destroyed, but denies the remaining allegations set forth in Paragraph 25.

26. The defendant denies the allegations set forth in Paragraph 26.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies same.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies same.

29. The defendant admits the allegations set forth in Paragraph 29.

## COUNT II- NEGLIGENCE
## CROSBY YACHT YARD

4

30. The defendant repeats and incorporates by reference the answers set forth in Paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31. The allegation contained in Paragraph 31 is a statement of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

32. The allegation contained in Paragraph 32 is a statement of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

33. The defendant denies the allegations contained in Paragraph 33, including subparagraphs a-e inclusive.

34. The defendant denies the allegations set forth in Paragraph 34.

35. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies same.

36. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies same.

**COUNT III- NEGLIGENCE- RES IPSA LOQUITUR**
**CROSBY YACHT YARD**

37. The defendant repeats and incorporates by reference the answers contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. The defendant admits that a fire took place on or about December 10, 2003. The defendant denies the remaining allegations contained in Paragraph 38.

39. The defendant admits the allegations set forth in Paragraph 39.

40. The defendant admits the allegations set forth in Paragraph 40.

41. The defendant denies the allegations set forth in Paragraph 41.

42. The defendant admits the allegations set forth in Paragraph 42.

43. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies same.

44. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore denies same.

## COUNT IV- BREACH OF WARRANTY- CROSBY YACHT YARD

45. The defendant repeats and incorporates by reference the answers contained in Paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. The allegation contained in Paragraph 46 is a statement of law requiring no Answer of the defendant. To the extent an Answer is required, the defendant denies same.

47. The defendant denies the allegations set forth in Paragraph 47.

48. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore denies same.

49. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies same.

**COUNT V- VIOLATION OF M.G.L., C.93A- CROSBY YACHT YARD**

50. The defendant repeats and incorporates by reference the allegations contained in Paragraphs One (1) through Forty Nine (49) as if fully set forth herein.

51. The defendant admits the allegations set forth in Paragraph 51.

52. The defendant denies the allegations set forth in Paragraph 52.

53. The defendant denies the allegations set forth in Paragraph 53.

54. The defendant denies the allegations set forth in Paragraph 54.

**AFFIRMATIVE DEFENSES**

Now comes the Defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's insureds' own negligence, failures and breaches.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for which the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's insureds' vessels were damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the Defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the plaintiff's complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff has failed to state a claim upon which relief can be granted because the defendant is contractually immune from liability pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is required to indemnify and hold the defendant harmless pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owes no duty of care to the plaintiff because it did not exercise sufficient care, custody or control over the subject vessels.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that storage of the plaintiff's insureds' vessels was merely a lease of space and therefore the defendant does not owe a duty of care to the plaintiff.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, the plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's insureds sustained damages, which is specifically denied, said damages are limited by law to the value of the vessel.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, defendant states the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted because the plaintiff's insureds agreed with the defendant before December 10, 2003, to shift the risk of loss to the plaintiff's insureds.

**WHEREFORE,** the defendant prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees.

The defendant claims trial by jury on all issues raised in Plaintiff's Complaint, Defendants' Answer and Affirmative Defenses.

By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

I hereby certify that on August 25, 2005, I electronically filed Defendant's Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert E. Collins and Thomas J. Muzyka, Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, MA 02108.

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com