UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANDARD FIRE INSURANCE COMPANY,<br>      Plaintiff, | CIVIL ACTION<br>NO. 04-12244-GAO |
| VS. | |
| CROSBY YACHT YARD, INC. AND<br>OYSTER HARBORS MARINE, INC.,<br>      Defendants, | |

_____

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br>FEDERAL INSURANCE COMPANY,<br>INSURANCE COMPANY OF NORTH AMERICA,<br>MARYLAND CASUALTY COMPANY,<br>NORTHERN INSURANCE COMPANY, SOLDIER<br>OF FORTUNE CORPORATION, DIANE L.<br>COMOLETTI, and JAMES F. CLEARY,<br>      Plaintiffs, | CIVIL ACTION<br>NO. 04-12252-GAO |
| VS. | |
| CROSBY YACHT YARD, INC. and<br>OYSTER HARBORS MARINE, INC.,<br>      Defendants, | |

_____

| | |
|---|---|
| OYSTER HARBORS MARINE BUSINESS<br>TRUST, as successor in interest to,<br>OYSTER HARBORS MARINE, INC.<br>      and<br>HANOVER INSURANCE COMPANY,<br>as subrogee of, RICHARD P. MCCOY,<br>      and<br>GLENS FALLS INSURANCE COMPANY,<br>as subrogee of, ALFRED & HELEN<br>CALLAHAN, III,<br>      Plaintiffs, | CIVIL ACTION<br>NO. 05-10203-GAO |
| VS. | |
| CROSBY YACHT YARD, INC.,<br>      Defendant, | |

_____

| | |
|---|---|
| ONE BEACON AMERICA INSURANCE COMPANY,<br>   Plaintiff | CIVIL ACTION<br>NO. 05-10363-GAO |
| VS. | |
| CROSBY YACHT YARD, INC.,<br>   Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO CONSOLIDATE**

The plaintiff, One Beacon America Insurance Company, hereby submits the following memorandum in support of its motion that three pending cases (04cv1244, 04cv12252 and 05cv10363) be consolidated for all purposes.

All three cases arise out of a fire that allegedly occurred on or about December 10, 2003, in Osterville, Massachusetts.  All of the plaintiffs in each case are insurance companies that indemnified their insured boat owners and boat owners seeking recovery of their uninsured damages allegedly caused by the fire.  Moreover, all the cases involve defendant Crosby Yacht Yard.  Civil Action Numbers 04cv12244 and 04cv12252 also involve Oyster Harbors Marine, because the fire spread from Crosby Yacht Yard to the adjacent yard.  However, the issues of fact and law in the three cases are identical.

Federal Rule of Civil Procedure 42(a) provides that this Honorable Court may consolidate pending cases involving a common issue of law or fact.[1]  Rule 42(a) was designed to encourage consolidation wherever possible, in the interest of

---

[1] Fed.R.Civ.P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

judicial economy.  See *United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945); *Vaccaro v. Moore-McCormack Lines, Inc.,* 64 F.R.D. 395, 397 (S.D.N.Y. 1974).  In the consolidation of cases, courts exercise a broad discretion.  *Knauer* at 520.

    Consolidation of the pending cases will promote the interest of judicial economy, and will also avoid the possibility of inconsistent rulings or findings.  The only essential difference between the two cases is the identity of the plaintiffs.

    **WHEREFORE,** the plaintiff prays that the Motion to Consolidate for all purposes be allowed.

    By its attorneys,

    **CLINTON & MUZYKA, P.C.**

    "/s/Robert E. Collins"
Thomas J. Muzyka
BBO NO. 365540
Robert E. Collins
BBO NO. 555843
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  September 28, 2005